THE STATE v. MAX GOLDSTEIN.

Argued February 21, 1905—Decided February 28, 1906.

1. A person who exposes his person in a place where it is likely to be seen by a number of casual observers is guilty of the crime of indecent exposure.

2. A witness who has a proper knowledge of a party's handwriting may declare his belief in regard to the genuineness of a writing which is in question, and such knowledge may be acquired not only by having seen him write, but also by having had correspondence with him concerning business or other matters transacted between them.

On writ of error to the Morris Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, GARRETSON and PITNEY.

For the plaintiff in error, *Willard W. Cutler.*

For the defendant in error, *Charles A. Rathbun,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant was indicted for and convicted of the crime of indecently exposing his person in a public place. The exposure was made in the grocery store of the defendant, in the town of Butler, on the 29th day of August, 1903, in the presence of one E. B., a girl about fifteen years old, who had gone there to purchase goods. It appeared from testimony submitted on the part of the defendant that in the front of the store were two plate glass windows, four feet and ten inches in width and six feet in height, and a third one three feet six inches in width and six feet in height, and that the bottom of each of these three windows was about three feet above the sidewalk. It further appeared that there were double doors opening from the store into the street; that the lower part of those doors, to a point about three feet above the sidewalk, was made of wood, and that the remaining portions thereof were of glass.

According to the law of this offence the place where it is committed is a public one if the exposure be such that it is likely to be seen by a number of casual observers. *Van Houten* v. *State,* 17 *Vroom* 17. That a store to which the public is invited for the purpose of trading, and the interior of which

may readily be seen by people passing by along the street is such a place, seems to us not a matter of doubt, and consequently an instruction by the court to the jury to that effect is not erroneous. *Van Houten* v. *State, supra.* The assignment of error, therefore, which is based upon the assumption that the trial judge should have left it to the jury to determine whether or not the place where the exposure was alleged to have been made was a public one, must fail.

The defendant, being called as a witness in his own behalf, denied having committed the offence charged against him, and for the purpose of substantiating that denial testifies that during the latter part of August, 1903, and particularly on the 29th day of that month, he was engaged in removing his business from a store occupied by him in a building in Butler, belonging to the "Noble estate," into the store in which the indecent exposure was said to have taken place, and that during all of that time, whether he was at the one place or the other, he was never alone, some of his employes being always present at each of the two stores. In order to break the force of this testimony the prosecutor of the pleas, on cross-examination of the defendant, exhibited to him a letter addressed to the executor of the "Noble estate," and signed "Max Goldstein"—the body of which contained a statement that his (Goldstein's) tenancy had expired on the 1st of August, and referred to the fact that a check was enclosed in settlement of the rent due to that date—and asked him if the signature to the letter was not in his handwriting. The defendant denied that it was, or that the letter had been written by his authority. After the close of the defendant's case the state called Mr. Hinchman, the executor of the "Noble estate," as a witness, and he testified that the defendant had been a tenant of the estate for nearly three years, and that during all of that period a business correspondence had been carried on between himself and the defendant, letters passing between them at least as frequently as once a month, on the average. The letter which had been exhibited to the defendant, being then shown the witness, he expressed the opinion that it was in the latter's handwriting. Counsel for

the defendant interposed an objection to the witness being permitted to express an opinion as to the authenticity of the letter, on the ground that his testimony failed to show that he had ever seen the defendant write, or that he knew that the letters which he had received during Goldstein's tenancy were written by him, and error is assigned upon the overruling of the objection. Except for the fact that counsel has earnestly contended before us that this testimony was improperly admitted, we should consider the assignment so frivolous as not to be entitled to specific mention. A reference to any text-book in which this subject is discussed will disclose that it is universally admitted that a witness who has a proper knowledge of a party's handwriting may declare his belief in regard to the genuineness of a writing which is in question, and that such knowledge may be acquired, not only by having seen him write, but also by having had correspondence with him concerning business or other matters transacted between them. In *West* v. *State,* 2 *Zab.* 212, the rule is thus tersely stated: "To prove handwriting, in general, a witness must know it by having seen the person write or by having corresponded with him."

Two other errors are assigned, one of which challenges the legality of a question asked of the defendant on his cross-examination with relation to the date of the last payment of rent made by him to the "Noble estate," and the other of which is directed at the refusal of the trial court to quash the indictment because, as alleged, it failed to aver that the offence charged against the defendant was committed in a public place. These assignments were not strongly pressed before us upon the argument as affording ground for reversal, and our examination of the case leads us to the conclusion that the question objected to was properly admitted, and that the indictment sufficiently avers that the exposure of his person by the defendant was made in a public place.

The conviction under review should be affirmed.